NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 21, 2009
Decided May 5, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 08-2538

| | |
|---|---|
| MARY M. TAI, <br> *Plaintiff-Appellant*, <br><br> *v.* <br><br> ERIC K. SHINSEKI, Secretary of <br> Veterans Affairs, United States <br> Department of Veterans Affairs, <br> *Defendant-Appellee*. | Appeal from the United States District <br> Court for the Northern District of Illinois, <br> Eastern Division. <br><br> No. 1:05-cv-07071 <br><br> Wayne R. Andersen, <br> *Judge*. |

**O R D E R**

Mary Tai, a longtime employee of the Department of Veterans Affairs, brought suit under Title VII after she unsuccessfully applied for three open positions within the Department between late 2004 and early 2005. Tai had settled a charge of discrimination against the Department in 2000, and she argued that the Department retaliated against her for that earlier charge by rejecting her for the three open positions. Because she filed her retaliation charge regarding the first position before the Department filled the second and third positions, Tai argued that her rejection for those latter two positions involved retaliation for her more recently filed retaliation charge as well. (Tai also alleged age and race discrimination but abandoned

those allegations in the district court.)  The district court granted summary judgment in favor of the Secretary, and we affirm.

## BACKGROUND

Tai has worked at the VA Hospital in Hines, Illinois since 1985.  She is currently a program analyst in the Office of Information.  Her retaliation claim centers on three separate instances in which she applied for an open position and the Department chose a different applicant.  When a position opens at a VA facility, the position's selecting official convenes a panel to review the applicants.  The selecting official for the first two positions that Tai applied for was Daniel Marsh, but Marsh delegated the responsibility for running the selecting panels to Richard O'Neal.  At the time of the selection for the first position, neither O'Neal nor Marsh knew about Tai's previous discrimination complaint.  By the time a selection panel was convened for the second position, Marsh and O'Neal had learned that Tai had filed a complaint regarding her rejection for the first position and that she had settled her earlier discrimination complaint.

To fill the first and second positions, O'Neal assembled panels made up of VA employees from around the country.  For the first position, an opening for an administrative officer, O'Neal chose five other panel members, only one of whom was aware of Tai's previous discrimination complaint. O'Neal distributed the materials submitted by each applicant, and there was no interview.  According to O'Neal, after the panel members had reviewed the materials, the panel convened by phone and each member provided numerical ratings of each candidate.  Following the call, O'Neal averaged the scores and told the panel that he would recommend the highest scoring applicant for the position.  The panel members agreed with the recommendation and the highest scoring applicant was given the job.  Out of eight applicants, Tai had received the fifth highest score.  Tai presented evidence that not every panel member knew or recalled that the chosen applicant had the highest score, but beyond that evidence, she did not challenge the veracity of data tables in the record showing that the high-scoring applicant was given the position.

The selection process for the second position, another opening for an administrative officer, was similar to that of the first:  O'Neal and four other VA employees constituted the panel, no interviews were conducted, and, again, the job went to the applicant who received the highest score.  On this panel, only two out of five members knew of Tai's previous discrimination complaints.  This time, Tai received the third highest score out of seven applicants.  Tai presented evidence that one of the panel members was unsure whether the high scorer was indeed given the position, but aside from that evidence, Tai did not question the data table, which showed that the high scorer was again given the position.

Julius Chou was the selecting official for the third position, an opening for a staff assistant. Chou was named in Tai's settled discrimination complaint and was, therefore, aware of it. This panel had only two other members: one knew of Tai's earlier complaint and one did not. The panel interviewed four applicants and assigned scores to each one. Again, the applicant with the highest score was given the position. Tai ranked third out of the four applicants.

The district court granted summary judgment for the Secretary, reasoning that under the direct and indirect methods of proving retaliation, Tai did not present sufficient evidence to prove retaliation by any VA employee. Even if Tai could establish a prima facie case under the indirect method, the court continued, she had not presented evidence that could rebut the Department's nonretaliatory reason for rejecting her: a different applicant scored higher than her in each selection process.

## ANALYSIS

On appeal Tai argues that she presented enough evidence to reach a jury under the direct and indirect methods of proving a Title VII violation. *See generally Atanus v. Perry*, 520 F.3d 662, 671-73 (7th Cir. 2008). The district court's grant of summary judgment is, of course, reviewed de novo, taking all facts in the light most favorable to Tai, the nonmoving party. *See Akande v. Grounds*, 555 F.3d 586, 589 (7th Cir. 2009).

We begin with the direct method of proving retaliation. The parties agree that Tai's charges of discrimination and retaliation were statutorily protected activities and that she suffered an adverse employment action. Thus, to survive summary judgment under the direct method, Tai needed to present sufficient evidence, whether labeled direct or circumstantial, on which a jury could find a causal connection between her rejection from the positions and her charges of discrimination or retaliation. *See Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 850 (7th Cir. 2008).

In considering whether Tai could show the necessary causal connection, the district court rejected Tai's argument that simply because some of the panel members involved in each selection knew about her prior complaints, a jury could find retaliatory animus by the whole panel. Tai need not show that every panel member was out to get her, and she is correct that sometimes the animus of one group member can be imputed to the entire group, *see, e.g., Campion, Barrow & Associates, Inc. v. City of Springfield*, 559 F.3d 765, 770-71 (7th Cir. 2009), but she has presented no evidence that could convince a jury of any animus here. To show that some panel members were influenced by their awareness of Tai's prior charges or that they in turn influenced others, Tai had to show something more than just their mere awareness. *See Healy v. City of Chicago*, 450 F.3d 732, 741 (7th Cir. 2006). She has not done so.

More generally, Tai argues in support of her direct case that she presented a "convincing mosaic" of circumstantial evidence from which a jury could have found her rejections to be retaliatory. *See Troupe v. May Dep't Stores Co.*, 20 F.3d 734, 737 (7th Cir. 1994). But Tai's argument greatly exaggerates the evidence. First, Tai asserts that for each position, she was more qualified than the chosen applicant. She believes this is so because of her longer experience and because, for the second position, she was the only applicant whose personnel classification number would have gone down if she was given the position. Tai may have had the most experience, but Title VII does not require employers to make promotions based on seniority or personnel rankings. *See Hall v. Forest River, Inc.*, 536 F.3d 615, 620 (7th Cir. 2008). Moreover, a litigant's assertions of her superior qualifications can only be considered evidence of unlawful decisionmaking if, unlike the evidence Tai presented, it is "so favorable to the plaintiff that there can be no dispute among reasonable persons of impartial judgment that the plaintiff was clearly better qualified for the position at issue." *Mlynczak v. Bodman*, 442 F.3d 1050, 1059 (7th Cir. 2006) (quoting *Millbrook v. IBP, Inc.*, 280 F.3d 1169 (7th Cir. 2002)).

Tai goes into a little more detail regarding the third position, complaining that the reasons the Department now offers for preferring the chosen applicant were not listed in the job posting as job requirements. Those reasons were that the chosen applicant had a more diverse range of experiences and showed more enthusiasm than Tai. But absent some evidence or argument that the applicant's experiences or enthusiasm were not desirable attributes, Tai's argument goes nowhere. Finally, Tai also points to the closeness in time between her complaint about the first position and her rejection from the second and third, but suspicious timing alone is almost never sufficient to defeat a summary judgment motion in a retaliation case. *See Andonissamy*, 547 F.3d at 851; *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 665 (7th Cir. 2006).

About halfway through the argument section of her brief, Tai stumbles into a discussion of the indirect method of proof. Although Tai does not seem to notice it, the district court misanalyzed this part of the case, though its ultimate holding is correct. For some reason, the district court believed that to make a prima facie case of retaliation under the indirect method, Tai had to show the three elements required to prove retaliation under the direct method of proof, which, as discussed above, she failed to do. But the point of Title VII's burden-shifting method of proving discrimination indirectly is to ease the plaintiff's burden by *not* requiring direct proof of discrimination. *See, e.g., Hildebrandt v. Illinois Dept. of Natural Resources*, 347 F.3d 1014, 1029 (7th Cir. 2003) (indirect method available due to "difficulty" of directly proving discrimination). To make a prima facie case of retaliation, Tai would have had to show that "'(1) she engaged in statutorily protected activity; (2) she performed her job according to her employer's legitimate expectations; (3) despite meeting her employer's legitimate expectations, she suffered a materially adverse employment action; and (4) she was treated less favorably than similarly situated employees who did not engage in statutorily protected activity.'" *Atanus*, 520 F.3d at 677 (quoting *Hilt-Dyson v. City of Chicago*, 282 F.3d 456, 465 (7th Cir. 2002)).

We need not reverse, though, because of the district court's alternate holding that, even if Tai could satisfy the prima facie case (and she probably can), she provided no evidence to rebut the Department's legitimate, nonretaliatory reasons for rejecting her from all three positions. That is, Tai did not present any evidence of pretext regarding the decision to give each position to the highest scoring applicant. The only evidence Tai has produced questioning the legitimacy of the scoring process are the statements of a few panel members that years after the selection they did not recall or did not know that the chosen applicant had the highest score. That is not enough to rebut the undisputed evidence that the chosen applicant *did* have the highest score or for a jury to conclude that anything was amiss with the scoring process. *See Atanus*, 520 F.3d at 674. Accordingly, Tai's retaliation claims fail under the indirect method of proof.

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment against Tai.